UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| KPATINVOH MAHOUFLIN SIMON STEPHANE | PETITIONER |
| VERSUS | CIVIL ACTION NO. 5:26-CV-133-DCB-RPM |
| RAFAEL VERGARA | RESPONDENT |

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Kpatinvoh Mahouflin Simon Stephane's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed his petition on March 4, 2026, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. He is a native and citizen of Benin who entered the United States illegally on December 7, 2024. On September 9, 2025, an immigration judge ordered Petitioner removed to Benin. The Board of Immigration Appeals dismissed Petitioner's appeal on December 19, 2025, making his order of removal final. On July 30, 2026, the Court entered an order for status update. [12]. Respondent filed a response showing that Petitioner was removed from the United States on June 16, 2026. [13]. According to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[1] Petitioner has not filed a response to the order for status update.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed as moot.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Kpatinvoh Mahouflin Simon Stephane's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED without prejudice as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo

determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 18th day of August 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE